UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| MAXWELL FREYMULLER, ) | |
| ) | |
|   Plaintiffs, ) | |
| ) | |
| v. ) | Case: 8:25-cv-2470 |
| ) | |
| MS TRANSVERSE INSURANCE ) | |
| COMPANY, ) | |
| ) | |
|   Defendants, ) | |
| ) | |

## COMPLAINT

Plaintiff, Maxwell Freymuller ("Plaintiff"), by and through his undersigned counsel, hereby sues Defendant, MS Transverse Insurance Company ("Defendant"), and alleges as follows:

### JURISDICTIONAL ALLEGATIONS

1. This is an action for damages under the National Flood Insurance Act as codified in 42 U.S.C. § 4001 et seq.

2. This Court has subject matter jurisdiction pursuant to 42 U.S.C. § 4072 and 28 U.S.C. § 1331.

3. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391, 1402 as Plaintiff resides in this District and the property that is the subject of this action is located in this District.

4. At all material times hereto, Plaintiff owned the property insured by Defendant located at 1725 Grand Central Drive, Tarpon Springs, FL 34689 (the "Property").

**GENERAL ALLEGATIONS**

5. Defendant is a Write-Your-Own Program ("WYO") carrier participating in the National Flood Insurance Program ("NFIP").

6. As a WYO carrier, Defendant can issue and administer a Standard Flood Insurance Policy ("SFIP") like the one issued to Plaintiff.

7. As a WYO carrier, Defendant is obligated to perform significant administrative functions including the adjustment, settlement, payment and defense of all claims arising from the SFIP.

8. In consideration for the premiums paid prior to September 26, 2024, Defendant, in its capacity as a WYO carrier, issued a SFIP to Plaintiff bearing policy number TNF3502960, for the property located at 1725 Grand Central Drive, Tarpon Springs, FL 34689 in PINELLAS County, Florida (the "SFIP"). A true and correct copy of the Policy is attached hereto as Exhibit "A".

9. The SFIP issued by Defendant included coverage for dwelling, other structures, personal property, and loss of use.

10. On September 26, 2024 ("Date of Loss"), Hurricane Helene made landfall in Florida as a Category 4 hurricane, producing high winds, and catastrophic storm surge and flooding.

11. At all times material hereto, Plaintiff owned the Property, up to and including on the Date of Loss.

12. On the Date of Loss, the Property was damaged as a result of flood, which is a covered loss under the SFIP. A copy of the estimate of damage is attached as *Exhibit "B."*

13. Plaintiff reported the loss to Defendant and Defendant responded by assigning claim number 968869 (the "Claim").

14. Defendant was afforded the opportunity to fully inspect the Claim, investigate the cause of the Claim, and quantify the amount of the Claim.

15. Defendant inspected the Property in its investigation of the Claim.

16. Defendant afforded coverage for the Claim.

17. Defendant determined that $47,819.05 was owed for dwelling in policy benefits on the Claim (the "Partial Payment").

18. Defendant's Partial Payment of the Loss is an admission that the September 26, 2024, Loss is a covered loss under the Policy.

19. Through its determination that there were damages on the Claim, Defendant admitted liability for the Loss.

20. The amount of damages determined by Defendant is inadequate to perform the repairs needed to fix all damages caused by the Loss and to restore Plaintiff's Property to its pre-Loss condition.

21. Plaintiff has furnished Defendant with timely notice of the loss, proof of claim, and has otherwise performed all conditions precedent to recover under the SFIP and under the applicable statutes and law, but Defendant has refused and continues to refuse to pay either part or all of the Plaintiff's claim.

22. All conditions precedent to obtaining payment of insurance benefits under the SFIP have been complied with, met, or waived.

23. At all times material hereto, Defendant was not immune from liability for breach of contract pertaining to insurance coverage.

## COUNT I – BREACH OF CONTRACT

24. Plaintiff adopts, re-alleges, and incorporates by reference all allegations contained in Paragraphs 1 through 23 as though fully set forth herein.

25. Upon the issuance of the SFIP to Plaintiff, Plaintiff and Defendant entered into a valid and enforceable agreement.

26. At all times material hereto, up to and including the Date of Loss, the SFIP was in full force and effect.

27. Defendant breached the Policy by failing to pay the full amount of damages sustained by Plaintiff.

28. Defendant breached the SFIP by failing to properly evaluate Plaintiff Claim and by failing to pay the full amount of the Claim in accordance with the policy provisions and applicable laws.

29. As a direct and proximate cause of said breach, Plaintiff has, and continues to suffer, economic damages in an amount to be determined at trial.

**WHEREFORE**, Plaintiff, Maxwell Freymuller, demands judgment against Defendant, MS Transverse Insurance Company, for damages together with costs, and for such other and further relief that this Court deems just and proper.

Dated on September 15, 2025.

By: /s/ Michael Yaakov Katz
MICHAEL YAAKOV KATZ, ESQ.
FL Bar No. 1024707

INSURANCE LITIGATION GROUP, P.A.
*Attorney for Plaintiff*
1500 N.E. 162nd Street
Miami, Florida 33162
Telephone: (786) 529-0090
Facsimile: (866) 239-9520
E-Mail: service@ILGPA.COM

ILG File #: 60615
Claim #: 968869
Case #: 8:25-cv-2470